<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GHANAZFAR IQBAL, et al.,**<br><br>    *Plaintiffs*,<br><br>        v.<br><br>**MAKF ENTERPRISES INC., et al.,**<br><br>    *Defendants.* | Civil Action No. 15-1640<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

   **THIS MATTER** comes before the Court on Plaintiffs Ghanazfar Iqbal and Monel Marseille's (collectively "Plaintiffs") motion for final judgment by default against Defendants Makf Enterprises, Inc. d/b/a Papa John's Pizza ("Makf") and Mani Kumar (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b).[1]  Dkt. No. 10.  For the reasons set forth herein, the motion is **GRANTED**.

   **I.    BACKGROUND**

   This matter arises from Plaintiffs' claims that they were overworked and underpaid when they were employees at Defendants' pizza parlor.

   Defendant Makf is a New Jersey corporation with a principle place of business in New Jersey.  Compl. ¶ 3, Dkt. No. 1.  Makf operates a Papa John's pizza franchise in the state.  Id. ¶ 15.  Defendant Kumar is an owner and principal of Makf, who has the power to hire and fire employees, set wages and schedules, and maintain their records.  Id. ¶ 10.

---

[1] Plaintiffs do not move for default against the third Defendant, Ashfaq Mannan.

1

From November 2011 to May 2012, Plaintiff Iqbal was employed by Defendants as a delivery person who also distributed fliers around town. Id. ¶ 16. At first, he worked seven days per week for a total of seventy-two hours each week. Id. ¶ 21. After several months, his schedule was reduced to sixty hours per week. Id. He received $8 per hour for the first few months until his pay was reduced to $7 per hour in April 2012. Id. ¶ 23.

Plaintiff Marseille worked for Defendants from October 2011 to March 2012 as an assistant manager and delivery driver.[2] Id. ¶ 17. He worked six days per week for a total of forty-six hours per week. Id. ¶ 22. He spent roughly thirty-one hours a week engaged in assistant manager duties; the remaining hours were devoted to deliveries. Id. ¶ 22. He received $7 per hour for his work doing deliveries and $8.50 per hour for his work as an assistant manager. Id. ¶ 24.

Plaintiffs' pay rates fell below the statutory minimum wage. Id. ¶ 25. Defendants' failure to pay the minimum rate was reckless and lacked any good faith basis. Id. ¶ 29. Defendants also failed to pay Plaintiffs any overtime premiums for hours worked beyond 40 hours in a workweek, except for one week where Plaintiff Marseille received an overtime bonus. Id. ¶ 28. Moreover, while Plaintiffs generally received tips when they made deliveries, Defendants never provided them with any notice regarding a "tip credit" and had no agreement in place with them regarding such credit. Id. ¶¶ 26-27.

Plaintiffs filed a two count Complaint on March 5, 2015, seeking monetary damages and attorneys' fees and costs. Count 1 asserts violations of the minimum wage provision of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 206(a)(1). Count 2 asserts violations of the FLSA's overtime compensation provision. 29 U.S.C. § 207(a)(1). Plaintiffs allege that both violations

---

[2] Although he held an "assistant manager" title, he never had the power to hire or fire employees or make business decisions. Compl. ¶ 20.

were willful and entitle them to liquidated damages. Compl. ¶¶ 35-38, 42-44. Defendants Makf and Mani Kumar were served with a summons and copy of the Amended Complaint on June 5, 2015. Executed Summons, Dkt. Nos. 3, 4. The time to answer or otherwise move as to the Amended Complaint has expired. The Clerk entered default against both Defendants on July 20, 2015. On August 10th, Plaintiffs filed the instant motion for default judgment. To date, Defendants have not filed any opposition to the motion.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

3

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C § 216(b). The Court also has personal jurisdiction over Defendants because Defendant Kumar was personally served in New Jersey, Dkt. No. 5, and Defendant Makf is a New Jersey corporation, Compl. ¶ 3.

#### B. Liability

Plaintiffs have pled an FLSA claim against Defendants. Under the FLSA's minimum wage provisions, an employer must pay his employees not less than $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C). Under the FLSA's overtime provisions, plaintiff must "allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)). Here, Plaintiffs have pled that that their hourly rate in a given workweek was below the minimum amount and that they never received their time-and-a-half bonus for excess hours over forty.

#### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC,

No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012).  Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as Plaintiffs will have no other means of obtaining relief.  Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint and Defendant Kumar is not an infant, otherwise incompetent, and is not presently engaged in military service.  See Stein Decl. ¶¶ 5-6, Dkt. No. 10-3; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *2 (D.N.J. Sept. 4, 2014); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiffs first seek $8,922.25 in actual and liquidated damages under FLSA.  Employers who violate the FLSA's provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  To recover overtime compensation under the FLSA, "an employee . . . must show the amount and extent of his overtime work as a matter of just and reasonable inference."  Davis, 765 F.3d at 241.  An employee is entitled to liquidated damages, as well, unless the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA, and the district court finds liquidated damages unwarranted.  Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b), 260).

Here, Plaintiffs have provided specific findings to support their claimed damages amount. They provided spreadsheets denoting the relevant work weeks, the number of hours worked per week, the hourly rate, the amount of pay received (including the amount owed for those weeks

5

their wage fell below the minimum), the amount of overtime owed, and a doubling for liquidated damages.  <u>See</u> Stein Cert. Exs. C and D, Dkt. Nos. 10-6 and 10-7.  Based on these calculations, they conclude that, before liquidated damages, Plaintiff Iqbal is owed $2,476.00 and Plaintiff Marseille is owed $1,985.13.  <u>Id.</u>  The Court finds that Plaintiffs have sufficiently proved their damages amounts.  The Court also deems it appropriate to award liquidated damages in an additional equal amount.

Lastly, Plaintiffs' counsel seeks $4,092.50 in attorneys' fees and $474.95 in costs.  The FLSA authorizes "a reasonable attorneys' fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff.  <u>See</u> 29 U.S.C. § 216(b).  The Third Circuit uses the "lodestar" formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate.  <u>Loughner v. Univ. of Pittsburgh</u>, 260 F.3d 173, 177-78 (3d Cir. 2001) (internal citations omitted).  "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled."  <u>Id.</u> (internal citations omitted).

Here, counsels' declaration and billable hours exhibit detail the attorneys' fees and costs and the basis for the hourly rates.  <u>See</u> Stein Decl. ¶¶ 13-16; Stein Decl. Ex. E, Dkt No. 10-8.  The exhibit contains reasonable hourly rates of $350.00 and $275.00 for Mr. Stein and Mr. Nieporent, respectively—both of whom have practiced for over a decade; their hours worked; expenses paid; and descriptions of services rendered.  Further, a line-by-line review of the counsels' billing statement shows that the attorneys spent a reasonable 13.6 hours on the case, including legal research, client contact, drafting the complaint, and filing a motion for default judgment.  The amount in costs accrued from the complaint filing fee and fees for serving Defendants Makf and

Kumar.  As such, the Court finds that it is reasonable to award Plaintiffs $4,567.45 in attorneys' fees and costs.

Based upon the foregoing, judgment shall be entered against the Defendants Makf and Kumar for: (1) $8,922.25 in damages; and (2) $4,567.45 in attorneys' fees and costs.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion for final judgment by default against Defendants Makf Enterprises, Inc. and Mani Kumar is **GRANTED.**  An appropriate order accompanies this opinion.

**Dated: March 18, 2016**

>                                    */s Madeline Cox Arleo*
>                                    **MADELINE COX ARLEO**
>                                    **United States District Judge**